**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CADDO SYSTEMS, INC. and 511 TECHNOLOGIES, INC., | |
| Plaintiffs, | Civil Action No. |
| v. | |
| LIGHTINTHEBOX LIMITED, INC., and LITB, INC. | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

In this action for patent infringement Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc. ("Plaintiffs" or "Caddo") hereby make the following allegations against Defendants LightInTheBox Limited, Inc., and LITB, Inc. (collectively, "Defendants" or "LightInTheBox"):

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.      Plaintiff Caddo Systems, Inc. ("Caddo") is a Texas corporation with its principal place of business in the 511 Technology Center at 511 N. Washington Avenue, Marshall, Texas 75670.

3.      Plaintiff 511 Technologies, Inc. ("511 Tech") is a Texas corporation with its principal place of business at 511 N. Washington Avenue, Marshall, Texas 75670.  Since 2010, 511 Tech has operated the 511 Technology Center, including the provision of invention, patent

and product development support services in diverse fields including color measurement, flash storage devices, communication protocols, electronic circuitry, software development, energy storage and control, cloud-connected industrial and consumer products, medical diagnostic device, and art instruction from its headquarters in the former Coca-Cola bottling plant located in the Ginocchi Historic District in Marshall, Texas.

4.      In collaboration with 511 Tech and others working in the 511 Technology Center, Caddo researches, designs, and develops information systems, including systems based on the Asserted Patents.  The Caddo and 511 Tech collaboration includes software products based on inventions described and claimed in the Asserted Patents.

5.      Caddo is the owner by assignment of 100% interest in the Asserted Patents.  511 Tech has the exclusive license to practice and develop the inventions of the Asserted Patents.

6.      On information and belief, Defendant LightInTheBox Limited, Inc. ("LITB") is a Hong Kong, corporation.  Upon information and belief, LITB is authorized to do business in the State of Delaware and may be served through its registered agent, Northwest Registered Agent Service, Inc. at 8 The Green, Suite B, Dover, DE 19901..

7.      On information and belief, Defendant LITB, Inc. ("LITBI") is a corporation organized and existing under the laws of the state of Delaware.  Upon information and belief, LITBH is authorized to do business in the State of Delaware.  LITBI is registered with the State of Delaware and may be served with process through its registered agent, Northwest Registered Agent Service, Inc. at 8 The Green, Suite B, Dover, DE 19901.

## JURISDICTION AND VENUE

8.      This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over LightInTheBox because it has sufficient minimum contacts with this forum as a result of business conducted within the State of Delaware.  For example, LightInTheBox is registered with the State of Delaware and may be served with process through its registered agent, Northwest Registered Agent Service, Inc. at 8 The Green, Suite B, Dover, DE 19901.  Personal jurisdiction also exists specifically over LightInTheBox because LightInTheBox directly or through subsidiaries or intermediaries, makes, uses, offers for sale, or sells products or services within the State of Delaware through accused instrumentalities that directly or indirectly infringe the Asserted Patents (as discussed further below).

11.     On information and belief, LightInTheBox designs, develops, manufactures, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems through certain Accused Instrumentalities that either infringe or support the infringement of the patents asserted in this action.

12.     On information and belief, LightInTheBox sells and offers to sell products and services throughout the United States and in Delaware, including in this District, through the accused instrumentalities, through major electronics retailers in the United States, and in concert and partnership with third parties.

13.     Furthermore, personal jurisdiction over LightInTheBox in this action comports with due process.  LightInTheBox has conducted and regularly conducts business within the United States and this District.  LightInTheBox has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Delaware and in this District.  LightInTheBox has sought protection and benefit from the laws of the State of Delaware by making available products and services, including websites and associated web

pages, that infringe the Asserted Patents with the awareness and/or intent that they will be used (or visited) by consumers in this District.  Having purposefully availed itself of the privilege of conducting business within this District, LightInTheBox should reasonably and fairly anticipate being brought into court here.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because LightInTheBox is subject to personal jurisdiction in this District and has regularly conducted business in this District, and because certain of the acts complained of herein occurred in this District.  On information and belief, LightInTheBox makes, uses, sells, offers to sell, and/or imports, within the State of Delaware and in this District, products and services through the accused instrumentalities that infringe the Asserted Patents.

15.     Additionally, LightInTheBox —directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, and/or sells its products and services in the United States and this District. LightInTheBox has purposefully and voluntarily placed one or more of its products into the stream of commerce through the accused instrumentalities that infringe the Asserted Patents with the awareness and/or intent that they will be purchased by consumers in this District. LightInTheBox knowingly and purposefully ships infringing products into, and within, this District.  These infringing products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

16.     On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,191,411 ("the '411 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '411 Patent is attached hereto as Exhibit 1.

17.     Plaintiffs own all substantial right, title, and interest in the '411 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

18.     On May 8, 2007, the USPTO duly and legally issued U.S. Patent No. 7,216,301 ("the '301 Patent"), entitled "Active Path Menu Navigation System." A copy of the '301 Patent is attached hereto as Exhibit 2.

19.     Plaintiffs own all substantial right, title, and interest in the '301 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

20.     On December 29, 2009, the USPTO duly and legally issued U.S. Patent No. 7,640,517 ("the '517 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '517 Patent is attached hereto as Exhibit 3.

21.     Plaintiffs own all substantial right, title, and interest in the '517 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

22.     On May 25, 2010, the USPTO duly and legally issued U.S. Patent No. 7,725,836 ("the '836 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '836 Patent is attached hereto as Exhibit 4.

23.     Plaintiffs own all substantial right, title, and interest in the '836 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

24.     On January 8, 2013, the USPTO duly and legally issued U.S. Patent No. 8,352,880 ("the '880 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '880 Patent is attached hereto as Exhibit 5.

25.     Plaintiffs own all substantial right, title, and interest in the '880 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

26.     On July 31, 2018, the USPTO duly and legally issued U.S. Patent No. 10,037,127 ("the '127 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '127 Patent is attached hereto as Exhibit 6.

27.     Plaintiffs own all substantial right, title, and interest in the '127 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

28.     On November 23, 2021, the USPTO duly and legally issued U.S. Patent No. 11,182,053 ("the '053 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '053 Patent is attached hereto as Exhibit 7.

29.     Plaintiffs own all substantial right, title, and interest in the '053 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,191,411

30.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

31.     The '411 Patent is directed to systems and methods for navigating within a multi-level hierarchical collapsing menu structure, as described and claimed in the '411 Patent.

32.     Defendants have and continue to directly infringe at least Claim 1 of the '411 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.lightinthebox.com/ and https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software,

including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'411 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also* https://www.miniinthebox.com (last visited May 2, 2022):



33.    Because the accused instrumentalities (https://www.lightinthebox.com/ and https://www.miniinthebox.com) operate the same way in the context of the accused functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com to demonstrate how both Defendants' accused instrumentalities infringe the '411 Patent.

34.    By way of example, the '411 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., the '411 Accused Instrumentalities provide a method for navigating a multi-level hierarchical collapsing menu structure that includes a multi-level hierarchy where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., "All Categories" for

example includes "Women's Clothing," which includes "Women's Dresses," "Sweaters & Cardigans," and "Women's Jumpsuits & Rompers") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

35.    More specifically, the '411 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level and enabling selection thereof (e.g., "All Categories" displays and enables selection of items of a given level, such as "Women's Clothing" and items within that same level), wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy (e.g., to access "Women's Clothing," "All Categories" is accessed first; similarly, to access "Women's Dresses," "All Categories" is accessed first, followed by accessing "Women's Clothing"); automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction

with the graphical user system (e.g., the '411 Accused Instrumentalities automatically construct

an active path (e.g., "Home—Women's Clothing—Women's Dresses") as a sequence of

hierarchical active links as items are selected (e.g., as "Women's Clothing" and "Women's

Dresses" are selected)), with one said active link corresponding to each of the items selected

(e.g., the '411 Accused Instrumentalities' active path "Women's Clothing—Women's Dresses"

corresponds to each of the items selected, including "Women's Clothing" and "Women's

Dresses") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited

May 2, 2022).

36.     Also, each active link in the '411 Accused Instrumentalities is independently

selectable thereby providing direct access to the hierarchical level from which the corresponding

item was selected without the need to navigate using said graphical user menu system (e.g., in

the example above, the active link "Women's Clothing" is independently selectable to thereby

providing direct access to the hierarchical level from which "Women's Clothing" was selected

without the need to navigate using LightInTheBox's graphical user menu system; as another

example, the active link "Women's Dresses" is independently selectable to thereby providing

direct access to the hierarchical level from which "Women's Dresses" was selected without the need to navigate using LightInTheBox's graphical user menu system).

37.     The '411 Accused Instrumentalities' active path is displayed as an alternative to the graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items using the graphical user system (e.g., the '411 Accused Instrumentalities display the Active Path as an alternative to Defendants' graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items, such as "Women's Clothing" and "Women's Dresses" using LightInTheBox 's graphical user menu system such that LightInTheBox 's Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed) such that the Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed (e.g., the Active Path is displayed after the multi-level hierarchical collapsing menu structure showing "All Categories" has collapsed) as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

38.     On information and belief, in the '411 Accused Instrumentalities, pre-selecting a given active link triggers the display of sibling menu items on the level associated with said

- 12 -

given active link without disturbing the displayed Active Path (e.g., pre-selecting the "Women's Clothing" active link triggers the display of sibling menu items, such as "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers" ) as displayed below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

39.     Discovery is expected to uncover the full extent of Defendants' infringement of the '411 Patent beyond the '411 Accused Instrumentalities already identified through public information.

40.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claim 1 of the '411 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to

infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '411 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '411 Patent.

41.     In particular, Defendants' actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '411 Accused Instrumentalities.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '411 Patent and knowledge that its acts were inducing infringement of the '411 Patent because each Defendants have had actual knowledge of the '411 patent and knowledge that its acts were inducing infringement of the '411 patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)that such activities infringed the '411 patent.

42.     Defendants' acts of inducement include, without limitation: providing the '411 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '411 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '411 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '411 Accused Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html (providing contact information for technical support regarding the '411 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '411 Accused

Instrumentalities or content published therein); *see also* https://www.facebook.com/lightinthebox (encouraging customers and third parties to use the '411 Accused Instrumentalities to access content published therein (e.g., providing the URL (https://www.lightinthebox.com/en/p/women-s-high-waist-yoga-pants-yoga-leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-snakeskin-yellow-red-spandex-yoga-fitness-gym-workout-sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_medium=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=boost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights" webpage that can be accessed using the Accused Instrumentalities)); *see also* https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting the use of the '411 Accused Instrumentalities through which various media content can be accessed); and providing press releases and news articles encouraging customers and the other third parties to use the '411 Accused Instrumentalities to access content (for example, providing the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed using the '411 Accused Instrumentalities).

43.   Defendants performed acts of inducement despite its actual knowledge since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its knowledge that the specific actions it actively induced and continue to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '411 Patent.  At the very least, because Defendants have been, and remain, on notice of the '411 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that it has induced and continue to induce.

44.     On information and belief, Defendants have contributed to, continue to contribute to, and jointly infringe at least Claim 1 of the '411 Patent pursuant to 35 U.S.C. § 271(c) by providing the '411 Accused Instrumentalities that have jointly contributed to,  contributed to, and continue to contribute to, the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)) that the '411 Accused Instrumentalities are especially made or adapted for use in an infringement of the '411 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users and jointly infringes said web pages, software, and computer equipment.  The '411 Accused Instrumentalities are material components or apparatuses for use in practicing the '411 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

45.     For example, the '411 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical collapsing system according to the claimed invention(s).  Defendants supplied, and continue to supply, the '411 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '411 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '411 Patent.  Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '411 Patent that the '411 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '411 Patent and there is no substantial non-infringing use of these components or apparatuses.

46. Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '411 patent, any such action by

third parties and/or end-users is attributable to Defendants, such that Defendants are liable for

jointly infringing such claims in a multiple actor or joint infringement situation, because

Defendants direct or control the other actor(s).  In this regard, Defendants condition participation

in activities, as well as the receipt of benefits, upon performance of any such step by any such

third party or end user.  Defendants exercise and/or direct control over the one or more steps

performed by the '411 Accused Instrumentalities, by exercising sole direction over the entire

infringing process (e.g., by conditioning participation by such third parties and/or end-users

through the use of the '411 Accused Instrumentalities as the primary means of navigation)—and

benefits from third parties' and/or end-users' use, including, without limitation, creating and

receiving ongoing revenue streams from its goods and/or services sold through the use of the

'411 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs

products and services, through the use of the '411 Accused Instrumentalities, including its

website and navigation structures, improving user experience and engagement, improving web

page performance, and/or increasing cross-sell conversion opportunities.  End-users and third

parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users

increasing the value of their own products and/or services through the use of the '411 Accused

Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate

to find, locate, and/or discover existing and/or new products and services), including receiving

clear orientation cues to help third parties and/or end-users identify their exact location within

products implementing the '411 Accused Instrumentalities, and/or finding existing

products/services, learning about new ones, and/or discovering other products or services not

previously known to those third parties and/or end-users (and/or their customers and/or users),

and doing so with greater ease and control.  Defendants also establish the manner and timing of

that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '411 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

47.     Defendants have directly, indirectly and/or jointly infringed the '411 Patent and are thus liable for infringement of the '411 Patent pursuant to 35 U.S.C. § 271.

48.     Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '411 Patent.

49.     Defendants have continued to infringe the '411 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) despite being on notice of the '411 Patent and its infringement.  Defendants have therefore infringed the '411 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

50.     Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '411 Accused Instrumentalities infringe the '411 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,216,301

51.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

52.     The '301 Patent is directed to systems and methods for navigating within a multi-level hierarchical information structure, as described and claimed in the '301 Patent.

53.     Defendants have and continue to directly infringe at least Claim 1 of the '301 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.lightinthebox.com/ and https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical information structure, where each level in the information structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'301 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also*

https://www.miniinthebox.com (last visited May 2, 2022):



54.     Because the accused instrumentalities (https://www.lightinthebox.com/ and

https://www.miniinthebox.com) operate the same way in the context of the accused

functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com to

demonstrate how both Defendants' accused instrumentalities infringe the '301 Patent.

55.     By way of example, the '301 Accused Instrumentalities provide a method for

navigating within a multi-level hierarchical information structure where each level in the

information structure contains plural items, each said item being at least one of a function, a

pointer to a location, and a pointer to another level (e.g., the '301 Accused Instrumentalities

provide a method for navigating within a multi-level hierarchical collapsing menu structure

where each level in the information structure contains plural items, each said item being at least

one of a function, a pointer to a location, and a pointer to another level (e.g., "All Categories"

includes "Women's Clothing," which includes "Women's Dresses," "Sweaters & Cardigans,"

and "Women's Jumpsuits & Rompers")) as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

56.    More specifically, the '301 Accused Instrumentalities provide a graphical user

menu system displaying the items of a given level of the hierarchical information structure and

enabling selection thereof (e.g., "All Categories" displays and enables selection of items of a

given level, such as "Women's Clothing" and items within that same level); and dynamically

constructing an Active Path as a sequence of active links as items are selected using the graphical

user menu system (e.g., the '301 Accused Instrumentalities dynamically construct an active path

(e.g., "Home—Women's Clothing—Women's Dresses") as a sequence of active links as items

are selected (e.g., as "Women's Clothing" and "Women's Dresses" are selected)), with one said

active link corresponding to each of the items selected, said active links providing direct access

to one of a function, corresponding level and menu item without the need to navigate using said

graphical user menu system (e.g., the '301 Accused Instrumentalities' active path "Home—

Women's Clothing—Women's Dresses" corresponds to each of the items selected, including

"Women's Clothing" and "Women's Dresses") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited

May 2, 2022).

57.    Also, each active link in the '301 Accused Instrumentalities enables the user to

directly browse all items on any given level of the hierarchical information structure including all

hierarchically subordinate items without affecting the Active Path (e.g., the '301 Accused

Instrumentalities enable the user to directly browse all items under "Women's Clothing" such as

"Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear,"

"Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters &

Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers"  without affecting

the active path "Home—Women's Clothing—Women's Dresses") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

58.    As another example, each active link in the '301 Accused Instrumentalities enables the user to directly browse all items on any given level of the hierarchical information structure including all hierarchically subordinate items without affecting the Active Path (e.g., the '301 Accused Instrumentalities enable the user to directly browse all items under "Women's Clothing" such as "Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers" without affecting the active path "Home—Women's Clothing") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-clothing_71?prm=1.1.51.0 (last visited May 2, 2022).

59.     Discovery is expected to uncover the full extent of Defendants' infringement of the '301 Patent beyond the '301 Accused Instrumentalities already identified through public information.

60.     Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claim 1 of the '301 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '301 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '301 Patent.

61.     In particular, Defendants' actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '301 Accused Instrumentality.  On information and belief, Defendants have engaged in such

actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Defendants have had actual knowledge of the '301 Patent and knowledge

that its acts were inducing infringement of the '301 Patent since at least December 2, 2021 (the

date on which Defendants received Plaintiffs' notice letter) when Defendants received notice that

such activities infringed the '301 Patent.

62.     Defendants' acts of inducement include, without limitation: providing the '301

Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and

other third parties and intending them to use the '301 Accused Instrumentalities that enable

and/or make use of content published therein; encouraging customers and other third parties to

communicate directly with Defendants' representatives about the '301 Accused Instrumentalities

and content published therein for purposes of technical assistance as well as sales and marketing

(*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a

technical support portal through which technical issues and concerns regarding the '301 Accused

Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html

(providing contact information for technical support regarding the '301 Accused

Instrumentalities); *see also* https://www.facebook.com/lightinthebox (encouraging customers and

third parties to use the '301 Accused Instrumentalities to access content published therein (e.g.,

providing the URL (https://www.lightinthebox.com/en/p/women-s-high-waist-yoga-pants-yoga-

leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-snakeskin-yellow-red-spandex-yoga-

fitness-gym-workout-

sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_mediu

m=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=bo

ost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights"

webpage that can be accessed using the Accused Instrumentalities)); *see also* https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting the use of the '301 Accused Instrumentalities through which various media content can be accessed); and providing press releases and news articles encouraging customers and the other third parties to use the '301 Accused Instrumentalities to access content (for example, providing the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed using the '301 Accused Instrumentalities).

63.     Defendants performed acts of inducement despite its actual knowledge since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its knowledge that the specific actions it actively induced and continue to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '301 Patent.  At the very least, because Defendants have been, and remain, on notice of the '301 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that it has induced and continue to induce.

64.     On information and belief, Defendants have contributed to, continue to contribute to, and jointly infringe at least Claim 1 of the '301 Patent pursuant to 35 U.S.C. § 271(c) by providing the '301 Accused Instrumentalities that have jointly contributed to, contributed to, and continue to contribute to, the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)) that the '301 Accused Instrumentalities are especially made or adapted for use in an infringement of the '301 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants

contribute to the direct infringement of users and jointly infringes said web pages, software, and computer equipment.  The '301 Accused Instrumentalities are material components or apparatuses for use in practicing the '301 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

65.     For example, the '301 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '301 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '301 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '301 Patent.  Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '301 Patent that the '301 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '301 Patent and there is no substantial non-infringing use of these components or apparatuses.

66. Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '301 patent, any such action by third parties and/or end-users is attributable to Defendants, such that Defendants are liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendants direct or control the other actor(s).  In this regard, Defendants condition participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendants exercise and/or direct control over the one or more steps performed by the '301 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '301 Accused Instrumentalities as the primary means of navigation)—and

benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '301 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '301 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '301 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '301 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control.  Defendants also establish the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '301 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

67.     Defendants have directly, indirectly, and/or jointly infringed the '301 Patent and are thus liable for infringement of the '301 Patent pursuant to 35 U.S.C. § 271.

68.     Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '301 Patent.

69.     Defendants have continued to infringe the '301 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) despite being on notice of the '301 Patent and its infringement.  Defendants have therefore infringed the '301 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

70.     Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '301 Accused Instrumentalities infringe the '301 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 7,640,517

71.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

72.     The '517 Patent is directed to systems and methods for navigating within a hierarchical menu structure, as described and claimed in the '517 Patent.

73.     Defendants have and continue to directly infringe at least Claim 1 of the '517 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.lightinthebox.com/ and https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a hierarchical menu structure, where each level in the menu contains plural items (hereinafter, the "'517 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also*

https://www.miniinthebox.com (last visited May 2, 2022):



74. Because the accused instrumentalities (https://www.lightinthebox.com/ and

https://www.miniinthebox.com) operate the same way in the context of the accused

functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com to

demonstrate how both Defendants' accused instrumentalities infringe the '517 Patent.

75. By way of example, the '517 Accused Instrumentalities provide a method for

navigating within a hierarchical menu structure where each level in the menu contains plural

items as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

76.     More specifically, the '517 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level and enabling selection thereof (e.g., "All Categories" displays and enables selection of items of a given level, such as "Women's Clothing" and items within that same level), wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy (e.g., to access "Women's Clothing," "All Categories" is accessed first; similarly, to access "Women's Dresses" "Women's Clothing" is accessed first); and constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system (e.g., the '517 Accused Instrumentalities construct an active path (e.g., "Home—Women's Clothing—Women's Dresses") as a sequence of hierarchical active links as items are selected (e.g., as "Women's Clothing" and "Women's Dresses" are selected)), with one said active link

corresponding to each of the items selected, each said active link providing direct access to the hierarchical level from which the corresponding item was selected without using said graphical user menu system (e.g., the '517 Accused Instrumentalities' active path "Home—Women's Clothing—Women's Dresses" corresponds to each of the items selected, including "Women's Clothing" and "Women's Dresses"  each link providing direct access to the hierarchical level from which "Women's Clothing" or "Women's Dresses" was selected without using Defendants' graphical user menu system) as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

77.     Also, the '517 Accused Instrumentalities display the Active Path as an alternative to the graphical user menu system for navigating the menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed (e.g., the '517 Accused Instrumentalities display the Active Path as an alternative to Defendants' graphical user menu system for navigating the menu structure after the user has finished selecting items, such as "Women's Clothing" and "Women's Dresses" using LightInTheBox 's graphical user menu system such that LightInTheBox 's Active Path is displayed) as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited
May 2, 2022).

78.    On information and belief, in the '517 Accused Instrumentalities, rolling over a
given active link with the pointer of a pointing device triggers the display of menu items on the
hierarchical level associated with said given active link without disturbing the displayed Active
Path (e.g., the '517 Accused Instrumentalities allow rolling over the link "Women's Clothing"
with a mouse to trigger the display of menu items on the hierarchical level associated with
"Women's Clothing" such as "Women's Dresses," "Women's Tops," "Plus Size Collection,"
"Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's
Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits &
Rompers"  without disturbing the displayed Active Path "Home—Women's Clothing—
Women's Dresses") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited

May 2, 2022).

79.     Discovery is expected to uncover the full extent of Defendants' infringement of

the '517 Patent beyond the '517 Accused Instrumentalities already identified through public

information.

80.     Upon information and belief, Defendants have induced and continue to induce

others to infringe at least Claim 1 of the '517 Patent under 35 U.S.C. § 271(b) by, among other

things, and with specific intent or willful blindness, actively aiding and abetting others to

infringe, including but not limited to Defendants' new, current, and prospective users, partners,

customers and other third parties, whose use of the '517 Accused Instrumentalities constitutes

direct infringement of at least Claim 1 of the '517 Patent.

81.     In particular, Defendants' actions that aid and abet others such as its new, current,

and prospective users, partners, customers and third parties to infringe include advertising the

'517 Accused Instrumentality.  On information and belief, Defendants have engaged in such

actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Defendants have had actual knowledge of the '517 Patent and knowledge

that its acts were inducing infringement of the '517 Patent since at least December 2, 2021 (the

date on which Defendants received Plaintiffs' notice letter) that such activities infringed the '517

Patent.

82.     Defendants' acts of inducement include, without limitation: providing the '517

Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and

other third parties and intending them to use the '517 Accused Instrumentalities that enable

and/or make use of content published therein; encouraging customers and other third parties to

communicate directly with Defendants' representatives about the '517 Accused Instrumentalities

and content published therein for purposes of technical assistance as well as sales and marketing

(*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a

technical support portal through which technical issues and concerns regarding the '517 Accused

Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html

(providing contact information for technical support regarding the '517 Accused

Instrumentalities); *see also* https://www.facebook.com/lightinthebox (encouraging customers and

third parties to use the '517 Accused Instrumentalities to access content published therein (e.g.,

providing the URL (https://www.lightinthebox.com/en/p/women-s-high-waist-yoga-pants-yoga-

leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-snakeskin-yellow-red-spandex-yoga-

fitness-gym-workout-

sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_mediu

m=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=bo

ost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights"

webpage that can be accessed using the Accused Instrumentalities)); *see also*

https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and

https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting

the use of the '517 Accused Instrumentalities through which various media content can be

accessed); and providing press releases and news articles encouraging customers and the other

third parties to use the '517 Accused Instrumentalities to access content (for example, providing

the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed

using the '517 Accused Instrumentalities).

83.     Defendants performed acts of inducement despite its actual knowledge since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its knowledge that the specific actions it actively induced and continue to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '517 Patent.  At the very least, because Defendants have been, and remain, on notice of the '517 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that it has induced and continue to induce.

84.     On information and belief, Defendants have contributed to, continue to contribute to, and jointly infringe at least Claim 1 of the '517 Patent pursuant to 35 U.S.C. § 271(c) by providing the '517 Accused Instrumentalities that have jointly contributed, contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)) that the '517 Accused Instrumentalities are especially made or adapted for use in an infringement of the '517 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users and jointly infringes said web pages, software, and computer equipment.  The '517 Accused Instrumentalities are material components or apparatuses for use in practicing the '517 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

85.     For example, the '517 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '517 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '517

Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '517 Patent.  Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '517 Patent that the '517 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '517 Patent and there is no substantial non-infringing use of the '517 Accused Instrumentalities, or components or apparatuses thereof.

86.     Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '517 patent, any such action by third parties and/or end-users is attributable to Defendants, such that Defendants are liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendants direct or control the other actor(s).  In this regard, Defendants condition participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendants exercise and/or direct control over the one or more steps performed by the '517 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '517 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '517 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '517 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users

increasing the value of their own products and/or services through the use of the '517 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '517 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control.  Defendants also establish the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '517 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

87.    Defendants have directly, indirectly, and/or jointly infringed the '517 Patent and are thus liable for infringement of the '517 Patent pursuant to 35 U.S.C. § 271.

88.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '517 Patent.

89.    Defendants have continued to infringe the '517 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)  despite being on notice of the '517 Patent and its infringement.  Defendants have therefore infringed the '517 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) at least by infringing with actual knowledge of its direct and indirect infringement or while remaining

willfully blind to the fact of its direct and indirect infringement.  As a result of at least this

conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees

and costs under 35 U.S.C. § 285.

90.     Plaintiffs reserve the right to modify its infringement theories as discovery

progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement

contentions or its claim constructions by the foregoing discussions on how the '517 Accused

Instrumentalities infringe the '517 Patent.  Plaintiffs intend only that the foregoing discussions

satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiffs' preliminary or final infringement contentions or

preliminary or final claim construction positions.

## **COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 7,725,836**

91.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth

herein.

92.     The '836 Patent is directed to systems and methods for navigating within a multi-

level hierarchical information structure, as described and claimed in the '836 Patent.

93.     Defendants have and continue to directly infringe at least Claim 1 of the '836

Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. §

271(a), literally or under the doctrine of equivalents, by, among other things, by making, using,

selling, offering to sell, and/or importing in or into the United States, without authority: (i) web

pages and content to be interactively presented in browsers, including, without limitation, the

web pages and content accessible via https://www.lightinthebox.com/ and

https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in

and/or accessible from the United States under the control of Defendants; (ii) software,

including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical information structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'836 Accused Instrumentalities") as shown below:



See, e.g., https://www.lightinthebox.com/ (last visited May 2, 2022); see also

https://www.miniinthebox.com (last visited May 2, 2022):



94.     Because the accused instrumentalities (https://www.lightinthebox.com/ and

https://www.miniinthebox.com) operate the same way in the context of the accused

functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com to

demonstrate how both Defendants' accused instrumentalities infringe the '836 Patent.

95.     By way of example, the '836 Accused Instrumentalities provide a method for

navigating within a multi-level hierarchical information structure where each level in the menu

contains plural items as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

96.     More specifically, the '836 Accused Instrumentalities provide a graphical user

menu system displaying the items of a given level of the hierarchical information structure and

enabling selection thereof (e.g., "All Categories" displays and enables selection of items of a

given level, such as "Women's Clothing" and items within that same level); and constructing an

Active Path as a sequence of active links as the user navigates the information structure using the

graphical user menu system (e.g., the '836 Accused Instrumentalities construct an active path

(e.g., "Home—Women's Clothing—Women's Dresses") as a sequence of active links as the user

navigates the information structure using the graphical user menu system (e.g., as "Women's

Clothing" and "Women's Dresses" are selected)), with one said active link corresponding to each

of the hierarchical levels accessed by the user, said active links providing direct access to one of

a function, corresponding level and menu item without the need to navigate using said graphical

user menu system (e.g., the '836 Accused Instrumentalities' active path "Women's Clothing—Women's Dresses" corresponds to each of the hierarchical levels accessed by the user, including "Women's Clothing" and "Women's Dresses," and each link providing direct access to one of a function, corresponding level and menu item without the need to navigate using said graphical user menu system) as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

97.     Also, in the '836 Accused Instrumentalities, a given said active link enables the user to browse items of the hierarchical information structure starting from the level corresponding with the given active link and items on hierarchically subordinate levels without affecting the Active Path (e.g., the '836 Accused Instrumentalities enable the user to browse items of the hierarchical information structure starting from "Women's Clothing" and items on subordinate levels such as "Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers" without affecting the active path "Home—Women's Clothing—Women's Dresses") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited

May 2, 2022).

98.     Discovery is expected to uncover the full extent of Defendants' infringement of

the '836 Patent beyond the '836 Accused Instrumentalities already identified through public

information.

99.     Upon information and belief, Defendants have induced and continue to induce

others to infringe at least Claim 1 of the '836 Patent under 35 U.S.C. § 271(b) by, among other

things, and with specific intent or willful blindness, actively aiding and abetting others to

infringe, including but not limited to Defendants' new, current, and prospective users, partners,

customers and other third parties, whose use of the '836 Accused Instrumentalities constitutes

direct infringement of at least Claim 1 of the '836 Patent.

100.    In particular, Defendants' actions that aid and abet others such as its new, current,

and prospective users, partners, customers and third parties to infringe include advertising the

'836 Accused Instrumentality.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '836 Patent and knowledge that its acts were inducing infringement of the '836 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) that such activities infringed the '836 Patent.

101.    Defendants' acts of inducement include, without limitation: providing the '836 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '836 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '836 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '836 Accused Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html (providing contact information for technical support regarding the '836 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '836 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/lightinthebox (encouraging customers and third parties to use the '836 Accused Instrumentalities to access content published therein (e.g., providing the URL (https://www.lightinthebox.com/en/p/women-s-high-waist-yoga-pants-yoga-leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-snakeskin-yellow-red-spandex-yoga-fitness-gym-workout-sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_mediu

m=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=bo
ost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights"

webpage that can be accessed using the Accused Instrumentalities)); *see also*

https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and

https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting

the use of the '836 Accused Instrumentalities through which various media content can be

accessed); and providing press releases and news articles encouraging customers and the other

third parties to use the '836 Accused Instrumentalities to access content (for example, providing

the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed

using the '836 Accused Instrumentalities).

102.    Defendants performed acts of inducement despite its actual knowledge since at

least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its

knowledge that the specific actions it actively induced and continue to actively induce on the part

of its users, partners, and customers, and other third parties constitute infringement of the '836

Patent.  At the very least, because Defendants have been, and remain, on notice of the '836

Patent and the accused infringement, they have been, and remain, willfully blind regarding the

infringement that it has induced and continue to induce.

103.    On information and belief, Defendants have contributed to, continue to contribute

to, and jointly infringe at least Claim 1 of the '836 Patent pursuant to 35 U.S.C. § 271(c) by

providing the '836 Accused Instrumentalities that have jointly contributed to, contributed to, and

continue to contribute to, the direct infringement of new, current, and prospective users, partners,

customers and other third parties with the knowledge (at least as of December 2, 2021 (the date

on which Defendants received Plaintiffs' notice letter)) that the '836 Accused Instrumentalities

are especially made or adapted for use in an infringement of the '836 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users and jointly infringes said web pages, software, and computer equipment.  The '836 Accused Instrumentalities are material components or apparatuses for use in practicing the '836 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

104.    For example, the '836 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '836 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '836 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '836 Patent.  Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '836 Patent that the '836 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '836 Patent and there is no substantial non-infringing use of these components or apparatuses.

105.    Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '836 patent, any such action by third parties and/or end-users is attributable to Defendants, such that Defendants are liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendants direct or control the other actor(s).  In this regard, Defendants condition participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendants exercise and/or direct control over the one or more steps performed by the '836 Accused Instrumentalities, by exercising sole direction over the entire

infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '836 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '836 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '836 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '836 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '836 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control.  Defendants also establish the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '836 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

106.    Defendants have directly, indirectly, and jointly infringed the '836 Patent and are thus liable for infringement of the '836 Patent pursuant to 35 U.S.C. § 271.

107.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '836 Patent.

108.    Defendants have continued to infringe the '836 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) despite being on notice of the '836 Patent and its infringement.  Defendants have therefore infringed the '836 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

109.    Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '836 Accused Instrumentalities infringe the '836 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 8,352,880

110.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

- 51 -

111.    The '880 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '880 Patent.

112.    The '880 Patent is directed to systems and methods for navigating within a hierarchical menu structure where each level in the menu contains plural items, as described and claimed in the '880 Patent.

113.    Defendants have and continue to directly infringe at least Claim 1 of the '880 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.lightinthebox.com/ and https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating an information structure (hereinafter, the "'880 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also*

https://www.miniinthebox.com (last visited May 2, 2022):



114.    Because the accused instrumentalities (https://www.lightinthebox.com/ and

https://www.miniinthebox.com) operate the same way in the context of the accused

functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com  to

demonstrate how both Defendants' accused instrumentalities infringe the '880 Patent.

115.    By way of example, the '880 Accused Instrumentalities provide a method for

navigating an information structure as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

116.    More specifically, the '880 Accused Instrumentalities provide a graphical menu

interface displaying the items of a given level of the information structure and enabling selection

thereof (e.g., "All Categories" displays and enables selection of items of a given level, such as

"Women's Clothing" and items within that same level); and dynamically constructing an Active

Path as a sequence of active links as items are selected using the graphical user menu system

(e.g., the '880 Accused Instrumentalities dynamically construct an active path (e.g., "Home—Women's Clothing—Women's Dresses") as a sequence of active links as items are selected (e.g., as "Women's Clothing" and "Women's Dresses" are selected)), upon provisionally selection of any active link, displaying one or more items on a given level of information structure without affecting the active path (e.g., the '880 Accused Instrumentalities' allows for provisional selection of active link "Women's Clothing" without affecting the "Home—Women's Clothing—Women's Dresses" active path) as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

117.   Also, the active links allow a user to access an item in the information structure by selecting from the one or more items displayed by one of the active links on the active path (e.g., the link "Women's Clothing" in the active path "Home—Women's Clothing—Women's Dresses" allows a user to access an item in the information structure such as "Women's

Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers") as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

118.    Discovery is expected to uncover the full extent of Defendants' infringement of the '880 Patent beyond the '880 Accused Instrumentalities already identified through public information.

119.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claim 1 of the '880 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners,

customers and other third parties, whose use of the '880 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '880 Patent.

120.    In particular, Defendants' actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '880 Accused Instrumentality.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '880 Patent and knowledge that its acts were inducing infringement of the '880 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) that such activities infringed the '880 Patent.

121.    Defendants' acts of inducement include, without limitation: providing the '880 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '880 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendants' representatives about the '880 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '880 Accused Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html (providing contact information for technical support regarding the '880 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '880 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/lightinthebox (encouraging customers and third parties to use the '880 Accused Instrumentalities to access

content published therein (e.g., providing the URL (https://www.lightinthebox.com/en/p/women-s-high-waist-yoga-pants-yoga-leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-snakeskin-yellow-red-spandex-yoga-fitness-gym-workout-sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_medium=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=boost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights" webpage that can be accessed using the Accused Instrumentalities)); *see also* https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting the use of the '880 Accused Instrumentalities through which various media content can be accessed); and providing press releases and news articles encouraging customers and the other third parties to use the '880 Accused Instrumentalities to access content (for example, providing the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed using the '880 Accused Instrumentalities).

122.   Defendants performed acts of inducement despite its actual knowledge since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its knowledge that the specific actions it actively induced and continue to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '880 Patent.  At the very least, because Defendants have been, and remain, on notice of the '880 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that it has induced and continue to induce.

123.   On information and belief, Defendants have contributed to, continue to contribute to, and jointly infringe at least Claim 1 of the '880 Patent pursuant to 35 U.S.C. § 271(c) by

providing the '880 Accused Instrumentalities that have jointly contributed, contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)) that the '880 Accused Instrumentalities are especially made or adapted for use in an infringement of the '880 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users and jointly infringes said web pages, software, and computer equipment.  The '880 Accused Instrumentalities are material components or apparatuses for use in practicing the '880 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

124.    For example, the '880 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '880 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '880 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '880 Patent. Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '880 Patent that the '880 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '880 Patent and there is no substantial non-infringing use of these components or apparatuses.

125.    Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '880 patent, any such action by third parties and/or end-users is attributable to Defendants, such that Defendants are liable for

jointly infringing such claims in a multiple actor or joint infringement situation, because Defendants direct or control the other actor(s).  In this regard, Defendants condition participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendants exercise and/or direct control over the one or more steps performed by the '880 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '880 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '880 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '880 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '880 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '880 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control.  Defendants also establish the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by

deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '880 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

126.    Defendants have directly, indirectly and/or jointly infringed the '880 Patent and are thus liable for infringement of the '880 Patent pursuant to 35 U.S.C. § 271.

127.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '880 Patent.

128.    Defendants have continued to infringe the '880 Patent December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter), despite being on notice of the '880 Patent and its infringement.  Defendants have therefore infringed the '880 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

129.    Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '880 Accused Instrumentalities infringe the '880 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 10,037,127

130.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

131.    The '127 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '127 Patent.

132.    The '127 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '127 Patent.

133.    Defendants have and continue to directly infringe at least Claim 14 of the '127 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.lightinthebox.com/ and https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows navigating an information structure (hereinafter, the "'127 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also*

https://www.miniinthebox.com (last visited May 2, 2022):



134.     Because the accused instrumentalities (https://www.lightinthebox.com/ and

https://www.miniinthebox.com) operate the same way in the context of the accused

functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com to

demonstrate how both Defendants' accused instrumentalities infringe the '127 Patent.

135.     By way of an example, the '127 Accused Instrumentalities perform a method for

navigating an information structure, comprising providing a graphical menu interface displaying

the items of a given level of the information structure and enabling selection thereof (e.g., "All

Categories" displays and enables selection of items of a given level, such as "Women's

Clothing"); dynamically construct an active path as a sequence of active links after an item of the

information structure has been selected (e.g., the '127 Accused Instrumentalities dynamically

construct an active path (e.g., "Home—Women's Clothing—Women's Dresses") as a sequence

of active links after an item of the information structure has been selected (e.g., as "Women's

Clothing" and "Women's Dresses" are selected)); upon provisional selection of a given one of

said active links, display one or more items on a given level of the information structure

associated with said provisionally selected active link without affecting the active path (e.g., the

'127 Accused Instrumentalities displays one or more items under "Women's Clothing" such as

"Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear,"

"Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters &

Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers"  without affecting

the active path "Home—Women's Clothing—Women's Dresses") as shown below:



*See, e.g.,* https://www.lightinthebox.com/ (last visited May 2, 2022);



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

136.    On information and belief, in the '127 Accused Instrumentalities allow a user to access an item in the information structure by selecting the item from the one or more items displayed by one of the active links on the active path, wherein a function is associated with at least one of said active links (e.g., the link "Women's Clothing" in the active path "Home— Women's Clothing—Women's Dresses" allows a user to access an item in the information structure such as "Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers" by selecting from the one or more items displayed by "Women's Clothing" where at least one of the active links is associated with a function such as displaying sibling menus or directing user to certain content) as shown below:



*See, e.g.,* https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

137.    Discovery is expected to uncover the full extent of Defendants' infringement of the '127 Patent beyond the '127 Accused Instrumentalities already identified through public information.

138.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claim 14 of the '127 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '127 Accused Instrumentalities constitutes direct infringement of at least Claim 14 of the '127 Patent.

139.    In particular, Defendants' actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the

'127 Accused Instrumentality.  On information and belief, Defendants have engaged in such

actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Defendants have had actual knowledge of the '127 Patent and knowledge

that its acts were inducing infringement of the '127 Patent since at least December 2, 2021 (the

date on which Defendants received Plaintiffs' notice letter)that such activities infringed the '127

Patent.

140.    Defendants' acts of inducement include, without limitation: providing the '127

Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and

other third parties and intending them to use the '127 Accused Instrumentalities that enable

and/or make use of content published therein; encouraging customers and other third parties to

communicate directly with Defendants' representatives about the '127 Accused Instrumentalities

and content published therein for purposes of technical assistance as well as sales and marketing

(*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a

technical support portal through which technical issues and concerns regarding the '127 Accused

Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html

(providing contact information for technical support regarding the '127 Accused

Instrumentalities); *see also id.* (providing a community platform for discussing the '127 Accused

Instrumentalities or content published therein); *see also* https://www.facebook.com/lightinthebox

(encouraging customers and third parties to use the '127 Accused Instrumentalities to access

content published therein (e.g., providing the URL (https://www.lightinthebox.com/en/p/women-

s-high-waist-yoga-pants-yoga-leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-

snakeskin-yellow-red-spandex-yoga-fitness-gym-workout-

sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_mediu

m=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=bo
ost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights"

webpage that can be accessed using the Accused Instrumentalities)); *see also*

https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and

https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting

the use of the '127 Accused Instrumentalities through which various media content can be

accessed); and providing press releases and news articles encouraging customers and the other

third parties to use the '127 Accused Instrumentalities to access content (for example, providing

the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed

using the '127 Accused Instrumentalities).

141.    Defendants performed acts of inducement despite its actual knowledge since at

least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its

knowledge that the specific actions it actively induced and continue to actively induce on the part

of its users, partners, and customers, and other third parties constitute infringement of the '127

Patent.  At the very least, because Defendants have been, and remain, on notice of the '127

Patent and the accused infringement, they have been, and remain, willfully blind regarding the

infringement that it has induced and continue to induce.

142.    On information and belief, Defendants have contributed to, continue to contribute

to, and jointly infringe at least Claim 14 of the '127 Patent pursuant to 35 U.S.C. § 271(c) by

providing the '127 Accused Instrumentalities that have jointly contributed, contributed, and

continue to contribute, to the direct infringement of new, current, and prospective users, partners,

customers and other third parties with the knowledge (at least as of December 2, 2021 (the date

on which Defendants received Plaintiffs' notice letter)) that the '127 Accused Instrumentalities

are especially made or adapted for use in an infringement of the '127 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users and jointly infringes said web pages, software, and computer equipment.  The '127 Accused Instrumentalities are material components or apparatuses for use in practicing the '127 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

143.    For example, the '127 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '127 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '127 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '127 Patent.  Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '127 Patent that the '127 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '127 Patent and there is no substantial non-infringing use of these components or apparatuses.

144.    Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 14 of the '127 patent, any such action by third parties and/or end-users is attributable to Defendants, such that Defendants are liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendants direct or control the other actor(s).  In this regard, Defendants condition participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendants exercise and/or direct control over the one or more steps

performed by the '127 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '127 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '127 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '127 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '127 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '127 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control.  Defendants also establish the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '127 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

145.    Defendants have directly, indirectly, and/or jointly infringed the '127 Patent and are thus liable for infringement of the '127 Patent pursuant to 35 U.S.C. § 271.

146.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendants' infringement of the '127 Patent.

147.    Defendants have continued to infringe the '127 Patent December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter), despite being on notice of the '127 Patent and its infringement.  Defendants have therefore infringed the '127 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

148.    Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '127 Accused Instrumentalities infringe the '127 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 11,182,053

149.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

150.    The '053 Patent is directed to a method for generating a plurality of graphical menu items for user selection, as described and claimed in the '053 Patent.

151.    Defendants have and continue to directly infringe at least Claim 1 of the '053 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.lightinthebox.com/ and https://www.miniinthebox.com (and all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendants; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing or that allows for generating a plurality of graphical menu items for user selection (hereinafter, the "'053 Accused Instrumentalities") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also*

https://www.miniinthebox.com (last visited May 2, 2022):



152.    Because the accused instrumentalities (https://www.lightinthebox.com/ and

https://www.miniinthebox.com) operate the same way in the context of the accused

functionalities, Plaintiffs will provide the following examples from www.lightinthebox.com to

demonstrate how both Defendants' accused instrumentalities infringe the '053 Patent.

153.    By way of example, the '053 Accused Instrumentalities provide a method for

generating a plurality of graphical menu items for user selection, with each graphical menu item

having one or more sibling menu items ( e.g., the '053 Accused Instrumentalities provide a

method for generating a plurality of graphical menu items for user selection with each graphical

menu item having one or more sibling menu items (e.g., "All Categories" for example includes

"Women's Clothing," which includes the sibling menu items Women's Dresses," "Women's

Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's

Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's

Accessories," and "Women's Jumpsuits & Rompers")) as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

154.    More specifically, the '053 Accused Instrumentalities provide one or more sibling menu items being on a first hierarchical level, at least one of the sibling menu items having one or more children menu items, the one or more children menu items being on a second hierarchical level different from the first hierarchical level (e.g., "Women's Clothing" and "Men's Clothing" are sibling menu items on a first hierarchical level, with "Women's Clothing" menu item having one or more children menu items such as, Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and "Women's Jumpsuits & Rompers") as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

155.    Also, the '053 Accused Instrumentalities provide a method for receiving user input selecting one or more of the graphical, sibling, or children menu items, wherein receiving user input includes receiving user input selecting one or more of the graphical, sibling, or children menu items in a sequence (e.g., receiving user input to select the sibling menu item "Women's Clothing," or the children menu item "Women's Dresses"), wherein receiving user input includes receiving user input selecting one or more of the graphical sibling, or children menu items in a sequence, and includes receiving user input selecting a graphical user menu item of the one or more graphical menu items followed by a sibling menu item of the one or more sibling menu item and subsequently a children menu item of the one or more sibling menu items (e.g., where the graphical menu item for "All Categories" is accessed first; similarly, receiving user input to select the sibling menu item "Women's Clothing," where "All Categories" is

accessed first, followed by accessing "Women's Clothing" in the sequence, and then receiving user input to select the children menu item "Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and/pr "Women's Jumpsuits & Rompers," all of which are accessed after "All Categories" and "Women's Clothing" in the sequence), as shown below:





*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

156.    Also, the '053 Accused Instrumentalities constructs, in response to receiving the

user input, a graphical user interface that includes one or more selectable links arranged in

accordance with the sequence, the one or more selectable links including a first, second, and third selectable link, wherein constructing the graphical user interface comprises constructing the first selectable link for the selected graphical menu item followed by constructing the second selectable link for the selected sibling menu item and subsequently constructing the third selectable link for the selected children menu item, each of the one or more selectable links representing one of the selected graphical, sibling, or children menu item (e.g., the sequence of selectable links "Home—Women's Clothing—Women's Dresses—New in Dresses", where "Women's Clothing" is the first selectable link, "Women's Dresses" is the second selectable link (and sibling menu item), and "New  in Dresses" is the third selectable link (and children menu item)), as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).



*See, e.g.*, https://www.lightinthebox.com/c/new-in-dresses-6618-prm-1-2-22-0-nohash_6618?prm=1.2.54.0 (last visited May 04, 2022).

157.    Also, the '053 Accused Instrumentalities display, in response to selection of the selectable link, at least one menu item of the plurality of graphical menu items, the one or more sibling menu items, or the one or more children menu items, wherein the at least one displayed menu item is in the same hierarchical level as the selected graphical, sibling, or children menu item represented by the selectable link (e.g., selecting the menu item "Women's Clothing" in the sequence of graphical menu items "Home—Women's Clothing—Women's Dresses—New in Dresses" will display menu items on the same hierarchical level as the selected children menu item "Women's Dresses," such as "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and/or "Women's Jumpsuits & Rompers"), as shown below:



*See, e.g.,* https://www.lightinthebox.com/c/new-in-dresses-6618-prm-1-2-22-0-nohash_6618?prm=1.1.51.0 (last accessed May 2, 2022).

158.    Also, the '053 Accused Instrumentalities display, in response to the selection of the selectable link, at least one menu item of the plurality of graphical menu items, the one or more sibling menu items, or the one or more children menu items, wherein the at least one displayed menu item is in the same hierarchical level as the selected graphical, sibling, or children menu item represented by the selectable link (e.g., selecting the menu item "Women's Clothing" in the sequence of graphical menu items "Home—Women's Clothing—Women's Dresses—New in Dresses" will display menu items on the same hierarchical level as the selected "Women's Dresses" menu item, such as "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and/or "Women's Jumpsuits & Rompers"), as shown below:

- 82 -



*See, e.g.,* https://www.lightinthebox.com/c/new-in-dresses-6618-prm-1-2-22-0-nohash_6618?prm=1.1.51.0 (last accessed May 2, 2022).

159.    Also, the '053 Accused Instrumentalities provide, in the graphical user interface, the one or more sibling items within the first hierarchical level or the one or more children menu items within the second hierarchical level (e.g., the graphical user menu interface "Home—Women's Clothing—Women's Dresses" provides the sibling menu items within the first hierarchical level of "Women's Clothing", such as "Women's Dresses," "Women's Tops," "Plus Size Collection," "Women's Swimwear," "Women's Bottoms," "Women's Jumpsuits and Rompers," "Women's Outerwear," "Sweaters & Cardigans," "Women's Accessories," and/or "Women's Jumpsuits & Rompers"), as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/women-s-dresses_4711?prm=1.1.51.0 (last visited May 2, 2022).

160.    As another example, the graphical user menu interface "Home—Women's Clothing—Women's Dresses" provides the children menu items within the second hierarchical level of "Women's Dresses", such as "Mini Dresses," "Under 19.99," "Maxi Dresses," "Casual Dresses," "Denim Dresses," "Party Dresses," "Sequin Dresses," "Print Dresses," "Boho Dresses," "Sexy Dresses," "White Dresses," "T shirt Dresses," "Vintage Dresses," "Knee Length Dresses," "Summer Dresses," "Sweater Dresses," "Midi Dresses," "Polka Dot Dresses," "Romantic Lace Dresses," and/or "Color Dresses," as shown below:



*See, e.g.*, https://www.lightinthebox.com/c/new-in-dresses-6618-prm-1-2-22-0-nohash_6618?prm=1.1.51.0 (last visited May 2, 2022).

161.    Also, the '053 Accused Instrumentalities enable selection, via the graphical user interface, of the one or more sibling menu items within the first hierarchical level or the one or more children menu items within the second hierarchical level (e.g., a user is able to select, via the graphical user interface one or more sibling menu items on the first hierarchical level, such as the sibling menu item "Men's Clothing" to the menu item "Women's Clothing"), as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022).

162.    As another example, a user is able to select, via the graphical user interface one or more children menu items on the second hierarchical level, such as the children menu items "New in Dresses," Mini Dresses," "Under 19.99," "Maxi Dresses," "Casual Dresses," "Denim Dresses," "Party Dresses," "Sequin Dresses," "Print Dresses," "Boho Dresses," "Sexy Dresses," "White Dresses," "T shirt Dresses," "Vintage Dresses," "Knee Length Dresses," "Summer Dresses," "Sweater Dresses," "Midi Dresses," "Polka Dot Dresses," "Romantic Lace Dresses," and/or "Color Dresses," as shown below:



*See, e.g.*, https://www.lightinthebox.com/ (last visited May 2, 2022); *see also*



*See, e.g.,* https://www.lightinthebox.com/c/new-in-dresses-6618-prm-1-2-22-0-nohash_6618?prm=1.1.51.0 (last visited May 2, 2022).

163.    Discovery is expected to uncover the full extent of Defendants' infringement of the '053 Patent beyond the '053 Accused Instrumentalities already identified through public information.

164.    Upon information and belief, Defendants have induced and continue to induce others to infringe at least Claim 1 of the '053 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' new, current, and prospective users, partners, customers and other third parties, whose use of the '053 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '053 Patent.

165.    In particular, Defendants' actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '053 Accused Instrumentality.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had actual knowledge of the '053 Patent and knowledge that its acts were inducing infringement of the '053 Patent since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)that such activities infringed the '053 Patent.

166.    Defendants' acts of inducement include, without limitation: providing the '053 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '053 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to

communicate directly with Defendants' representatives about the '053 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.lightinthebox.com/r/contact-us.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '053 Accused Instrumentalities can be addressed); *see, e.g.,* https://www.lightinthebox.com/r/contact-us.html (providing contact information for technical support regarding the '053 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '053 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/lightinthebox (encouraging customers and third parties to use the '053 Accused Instrumentalities to access content published therein (e.g., providing the URL (https://www.lightinthebox.com/en/p/women-s-high-waist-yoga-pants-yoga-leggings-tights-bottoms-tummy-control-butt-lift-quick-dry-snakeskin-yellow-red-spandex-yoga-fitness-gym-workout-sum_p8718883.html?litb_from=HCX_ybn1&utm_source=sns&utm_content=boost&utm_medium=HCX_ybn1&utm_campaign=main&litb_from=fb_post&utm_source=SNS&utm_content=boost&utm_medium=facebook_litb_en&utm_campaign=Main) to a "Yoga Leggings & Tights" webpage that can be accessed using the Accused Instrumentalities)); *see also* https://twitter.com/lightinthebox?lang=en, https://www.youtube.com/lightinthebox, and https://www.instagram.com/lightinthebox/?hl=en (Defendants' social media accounts promoting the use of the '053 Accused Instrumentalities through which various media content can be accessed); and providing press releases and news articles encouraging customers and the other third parties to use the '053 Accused Instrumentalities to access content (for example, providing the URL (www.lightinthebox.com) to the "LightInTheBox" main webpage that can be accessed using the '053 Accused Instrumentalities).

167.    Defendants performed acts of inducement despite its actual knowledge since at least December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter) and its knowledge that the specific actions it actively induced and continue to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '053 Patent.  At the very least, because Defendants have been, and remain, on notice of the '053 Patent and the accused infringement, they have been, and remain, willfully blind regarding the infringement that it has induced and continue to induce.

168.    On information and belief, Defendants have contributed to, continues to contribute to, and jointly infringe at least Claim 1 of the '053 Patent pursuant to 35 U.S.C. § 271(c) by providing the '053 Accused Instrumentalities that have jointly contributed, contributed, and continue to contribute, to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of December 2, 2021 (the date on which Defendants received Plaintiffs' notice letter)) that the '053 Accused Instrumentalities are especially made or adapted for use in an infringement of the '053 Patent.  For example, by providing the web pages, software, and computer equipment identified above, Defendants contribute to the direct infringement of users and jointly infringe said web pages, software, and computer equipment.  The '053 Accused Instrumentalities are material components or apparatuses for use in practicing the '053 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

169.    For example, the '053 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure according to the claimed invention(s).  Defendants supplied, and continue to supply, the '053 Accused Instrumentalities, or components or apparatuses thereof,

with the knowledge of the '053 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '053 Patent. Moreover, Defendants know at least by virtue of its knowledge of its own products and services and the '053 Patent that the '053 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '053 Patent and there is no substantial non-infringing use of these components or apparatuses.

170.    Additionally, or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '053 patent, any such action by third parties and/or end-users is attributable to Defendants, such that Defendants are liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendants direct or control the other actor(s).  In this regard, Defendants condition participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendants exercise and/or direct control over the one or more steps performed by the '053 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '053 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '053 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '053 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users

increasing the value of their own products and/or services through the use of the '053 Accused

Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate

to find, locate, and/or discover existing and/or new products and services), including receiving

clear orientation cues to help third parties and/or end-users identify their exact location within

products implementing the '053 Accused Instrumentalities, and/or finding existing

products/services, learning about new ones, and/or discovering other products or services not

previously known to those third parties and/or end-users (and/or their customers and/or users),

and doing so with greater ease and control.  Defendants also establish the manner and timing of

that performance by such third-parties and/or end-users, as dictated by the claimed method—by

deploying the accused functionalities as the primary means of navigation for browsing and

reviewing content for websites, databases, and/or folder structures implementing the '053

Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental,

ancillary, or contractual.

171.   Defendants have directly, indirectly, and/or jointly infringed the '053 Patent and

are thus liable for infringement of the '053 Patent pursuant to 35 U.S.C. § 271.

172.   Plaintiffs have suffered, and continue to suffer, damages as a result of

Defendants' infringement of the '053 Patent.

173.   Defendants have continued to infringe the '053 Patent December 2, 2021 (the date

on which Defendants received Plaintiffs' notice letter), despite being on notice of the '053 Patent

and its infringement.  Defendants have therefore infringed the '053 Patent knowingly, willfully,

deliberately, and in disregard of Plaintiffs' patent rights December 2, 2021 (the date on which

Defendants received Plaintiffs' notice letter), at least by infringing with actual knowledge of its

direct and indirect infringement or while remaining willfully blind to the fact of its direct and

indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '053 Accused Instrumentalities infringe the '053 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for itself and against Defendants as follows:

a.       A judgment that Defendants have infringed, and continues to infringe, one or more claims of each of the Asserted Patents;

b.       A judgment that Defendants have induced infringement, and continue to induce infringement, of one or more claims of each of the Asserted Patents;

c.       A judgment that Defendants have jointly contributed to, contributed to, and continue to contribute to, the infringement of one or more claims of each of the Asserted Patents;

d.       A judgment that Defendants have willfully infringed one or more claims of each of the Asserted Patents;

e.       A judgment awarding Plaintiffs all damages adequate to compensate for Defendants' infringement, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

f.        A judgment awarding Plaintiffs treble damages pursuant to 35 U.S.C. § 284 as a result of Defendants' willful conduct;

g.        A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees; and

h.        A judgment awarding Plaintiffs such other relief as the Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of this action.

Dated: August 3, 2022

/s/Timothy Devlin
Timothy Devlin
tdevlin@devlinlawfirm.com
Alex Chan
Texas State Bar No. 24108051 (*PHV Forthcoming*)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Ave
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs*
*Caddo Systems, Inc. and 511 Technologies, Inc.*