

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

**VIA ECF (FILED UNDER SEAL)**

August 23, 2023

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Caddo Systems, Inc., et. al. v. LightInTheBox Limited, Inc., et. al.,* District of Delaware, No. 1:22-cv-01028-MN

Dear Hon. Judge Noreika,

    Pursuant to Section 8(g) of the Scheduling Order (D.I. 19 at 5-6) and this Court's August 21, 2023 Oral Order (D.I. 52) ("Order"), Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc. (collectively, "Plaintiffs" or "Caddo") submit this letter setting forth its position requesting the Court enter an order to compel Defendants LightInTheBox Limited, Inc. and LITB, Inc. (collectively, "Defendants" or "LITB") to produce: (a) documents responsive to Caddo's May 23, 2023 First Set of Requests for Production ("RFPs") Nos. 1-8, 10-16, 18-19, 21-22, 24, 34, 36, 47-48, 63-67, 74 and 75 (Ex. 1); and (b) its Rule 30(b)(6) witnesses for deposition either remotely or in the United States by September 15, 2023. The parties held a meet and confer on August 22, 2023, regarding Caddo's discovery requests and Caddo's July 13, 2023 Rule 30(b)(6) Notice (Ex. 2) ("Meet and Confer") but remain at an impasse.

    **A.**    **Financial Documents (RFP Nos. 6-7, 13-14, and 36)** (**Relief Requested:** Compel LITB to produce: (a) financial documents related to LITB Holding, Ezbuy and Ador; (b) responsive documents sufficient to demonstrate whether LITB receives revenues for the Accused Websites from LITB Holding; and (c) sales made in the U.S. even if the products sold were shipped abroad)

    RFP Nos. 6-7, 13-14, and 36 seek, *inter alia*, financial documents relating to LITB's revenues from its four (4) infringing websites; namely, www.LightInTheBox.com ("Light"), www.MiniInTheBox.com ("Mini"), www.Ezbuy.com/www.EzBuy.sg ("Ezbuy"), and www.Ador.com ("Ador") (collectively, the "Accused Websites"). To date, LITB, which is headquartered in China (Ex. 3 at 1), has refused to produce any *documents* related to the Ezbuy and Ador websites, including financial documents. LITB's counsel repreented that LITB does not own these two websites but refused to offer a corporate declaration to that effect. (Ex. 4 at 3.) Then, earlier today, using carefully word-smithed phrases, LITB informed Caddo that Ador "is *operated* by Avant Logistic Service PTE Ltd." ("Avant") and Ezbuy "is *operated* by Ezbuy

DEVLIN LAW FIRM

August 23, 2023
Page 2 of 3

Holdings Limited." (*Id.* at 3.)  That Ador and Ezbuy are "operated" by different entities, however, do not address whether LITB owns or receives revenues from Ador and Ezbuy.  Notably, LITB's public disclosures directly contradict its position.  For instance, Mr. Jian He, LITB's Chairman of the Board ("Chairman") and Chief Executive Officer (CEO"), is the "founder and chief executive officer of Ezbuy" which LITB "acquired in December 2018." (Ex. 5.)  Also, Ms. Wenyu (Wendy) Liu, LITB's Chief Growth Officer ("CGO"), is also the "co-founder of Ezbuy." (*Id.*)  Similarly, for Ador, the "Terms" page for the Light website explicitly ties Ador to LITB, stating that any payment made by U.S. customers on the Light website is an agreement between these customers and Ador.  (Ex. 6 at 3 ("For U.S. Residents, the payment service agreement is entered between ***you and ADOR*** E-COMMERCE INC . . . ."))  Further, LITB's 2022 Annual SEC filing states that LITB receives revenues from Ezbuy and Ador, which strongly undermines LITB's position regarding ownership.  (Ex. 7 at F-25.)  Seeing the writing on the wall, LITB suggested that revenues from Ezbuy and Ador flow to its parent corporation, LITB Holding, not LITB, because the Annual SEC filing was filed by LITB Holding.  (Ex. 4 at 3.)  LITB Holding, however, admits that it is "a Cayman Islands holding company ***with no material operations of our own***" (Ex. 7 at 57), which again suggests that revenues from Ezbuy and Ador must flow to LITB in order to offset operational expenses.  Tellingly, LITB and LITB Holding both share the ***same*** management team, including Mr. He (CEO), Ms. Liu (CGO), Mr. Bin Shi (CTO), and Ms. Yuanjun (CFO).  (Ex. 5; Ex. 7 at 64.)  This reinforces that LITB likely owns or receives revenues for Ezbuy and Ador from LITB Holding, and financial discovery for Ezbuy and Ador is therefore permissible.

Importantly, LITB ***attempts to renege on a binding agreement*** between the parties in which LITB stipulated, in exchange for Caddo not naming LITB Holding as a defendant in Caddo's amended complaint, that LITB would not object to Caddo's discovery relating to LITB Holding: "[i]f there are any discovery requests that may involve the Cayman Island entity [LITB Holding], ***our clients would make information available to the extent that responds to those discovery requests***."  (Ex. 11 at 2; D.I. 20.)  Thus, even assuming *arguendo* LITB Holding, not LITB, receives revenues from Ezbuy and Ador, LITB cannot justifiably resist Caddo's financial discovery for Ezbuy and Ador.  LITB contends that this stipulation "does not serve as a carte blanche that allows Caddo to seek discovery on the commercial activities of third parties" (Ex. 4 at 4) but this is a red herring because Caddo is only seeking financial information relating to Ezbuy and Ador from LITB Holding—the ***same*** entity to which LITB previously stipulated not to object to discovery.  Regarding the Light and Mini websites, LITB has refused to produce sales for products made in the U.S. but shipped abroad, viewing such sales as "overseas sales." (*Id.* at 7.)  This is improper, as Caddo's complaint asserts infringement under §271(a).  (D.I. 21 at ¶¶ 32, 53, 73, 93, 113, 133, 151.)  To the extent customers use the Accused Websites to make purchases, the sale is complete upon payment in the U.S.  The shipping address is not a relevant inquiry.

  **B.**  **Willfulness Documents (RFP Nos. 47 and 63)** (<u>**Relief Requested**</u>: Compel LITB to produce information relating to its opinions and advice of counsel)

Caddo's discovery relates to LITB's "opinions and advice of counsel" (RFP No. 47) and

DEVLIN LAW FIRM

August 23, 2023
Page 3 of 3

LITB's contention its "infringement . . . is not willful." (RFP No. 63.) LITB has produced two documents, mostly in Mandarin, reflecting opinions and advice of counsel, including identifying, for each Asserted Patent, those claim limitations that do not purport to infringe and explaining why those limitations are not purported met by the Accused Websites. (Ex. 8 (LIGHT_DEFS_001748-49).) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ (Ex. 4 at 1), despite multiple requests from Caddo, LITB refused to produce any contextual information relating to these documents, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ when they were prepared, who received them, drafts of the opinions, and the like. LITB has now offered to produce a privilege log but this does not cure this deficiency because LITB has now placed the opinions and advice of counsel at issue. LITB should be compelled to produce documents responsive to RFP No. 47 and. 63.

      **C.**     **Remote Deposition of LITB's Rule 30(b)(6) Witnesses** (**Relief Requested:** Compel LITB to produce its corporate witnesses for deposition remotely or in the United States by September 15, 2023)

      Despite receiving Caddo's Rule 30(b)(6) Notice for deposition in July, LITB is not making all of its corporate witnesses available for deposition until the same week of October 9-12—*one week before the close of fact discovery*. (Ex. 9 at 8-9; D.I. 19 at 4.) Caddo proposed to take these depositions remotely given U.S. State Department's current travel advisory against traveling to Hong Kong (Ex. 10 at 2) and to minimize long-distance travel by these witnesses, but LITB refused without providing any explanation. (Ex. 9 at 1.) LITB provided no explanation for these witnesses' purported unavailability for deposition in August and September, going so far as to scold Caddo's counsel that "*[w]hen the witnesses express that they are unavailable during certain times, then they are unavailable. Period*." (Ex. 9 at 7.) For example, during the Aug. 16, 2023, Meet and Confer, LITB stated that these witnesses are unavailable due to the mid-autumn festival and national holiday in China but both of these holidays fall at the end of September and beginning of October, not August or early/mid September. LITB also claimed that these witnesses would need time to obtain the necessary visas to travel to Hong Kong. (*Id.* at 7). But LITB revealed yesterday that two of these witnesses have already received their visas. (*Id.* at 1; Ex. 4 at 6-7.) Caddo offered an alternative for LITB to designate different corporate witnesses to testify, but LITB again refused without given any reason beyond that its currently designated corporate witnesses are the "best suited" to testify, even though Rule 30(b)(6) only requires witnesses with relevant knowledge. (*Id.* at 1, 4-5; Ex. 4 at 7.) LITB should be compelled to produce its corporate witnesses soon, and well in advance of the close of discovery.

                                                      Respectfully submitted,

                                                      */s/ Timothy Devlin*
                                                      Timothy Devlin (No. 4241)

cc:     Clerk of the Court (via CM/ECF)
          Counsel of Record (via e-mail)